IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | Cause No. CV 09-114-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

On August 11, 2009, Petitioner Michael Ellenburg filed this action seeking a

writ of habeas corpus under 28 U.S.C. § 2254.  On September 2, 2009, he filed an

Amended Petition.  Ellenburg is a state prisoner proceeding pro se.

**I. Forma Pauperis Status**

Ellenburg did not bother to move to proceed in forma pauperis, nor did he pay

the $5.00 filing fee.  However, the Court will take judicial notice of his motion and

qualification in one of his recent actions under 42 U.S.C. § 1983.  E.g., Order (doc.

5) at 4 ¶ III, <u>Ellenburg v. Law</u>, No. CV 09-13-GF-SEH-RKS (D. Mont. Feb. 23,

2009).  He will be permitted to proceed in forma pauperis in this case.

## II. Ellenburg's Allegations

Ellenburg contends that he was drafting a complaint in November 2008 when

he sustained:

> serious grievous bodily harm and injury from assault/battery, strong arm
> robbery, that result in (3) three broken right ribs, numerous busted teeth
> from the attacks made by a gang of C.C.M.P. high security prison thugs,
> allowed by the defendants to roam freely, unsupervised in the general
> population at C.C.C. Prison, Shelby, Montana.

Pet. (doc. 1) at 2 ¶ 7.[1]  The complaint he was drafting was the one he filed in <u>Law</u>.

<u>Id.</u>; Compl. (doc. 2), <u>Law</u>, No. CV 09-13-GF (D. Mont. filed Jan. 22, 2009).

In his habeas petition, Ellenburg claims that the "defendants"[2] deprived him of

access to the courts in two state court actions and in <u>Law</u> and deprived him of

"reasonable  prophylactic, medical, dental and mental health care after egregious

bodily injury."  Pet. at 4 ¶ 14.  He also asserts that he has been denied medical care,

resulting in "serious pain due to untreated broken bones and broken teeth."  <u>Id.</u> at 7

¶ 21.  He alleges that he has made "numerous verbal and written request in omissions

---

[1]  "C.C.C." is the Crossroads Correctional Center, a private prison under contract with the Montana Department of Corrections.  "C.C.M.P." is unknown.

[2]  Ellenburg refers to <u>Ellenburg v. Mahoney</u>, No. CV 09-106-M-DWM-JCL (D. Mont. filed July 24, 2009),  for a "list identifying the et al. defendants."  Pet. at 9.

[sic] to the defendants to clearly establish his emergency medical needs."  Id. ¶ 22.

Ellenburg asserts that he is "incarcerated without income or resources and should be allowed to proceed" (citing 28 U.S.C. 1915(b)(4) (1998)).[3]  Pet. at 1 ¶ 3. He contends that he is "entitled to the writ of habeas corpus" because, though he is lawfully in custody, he is being deprived of a right to which he is entitled, "the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits."  Id. at 1-2 ¶ 5 (citing Coffin v. Reichard, 143 F.2d 443, 445 (6th Cir. 1944)).  He asserts that the Court, in Mahoney, erred by failing to apply the "'escape clause' in the statute, 'imminent danger of serious physical injury.'"  Pet. at 2 ¶ 6 (citing 28 U.S.C. § 1915(g)).  He says:

> The errors presented by Mr. Ellenburg present exceptional circumstances where the need for remedy afforded by the writ of habeas corpus is apparent. . . .
> The gravamen of Mr. Ellenburg's pro se petition is the defendants insufficiency of protecting a fully disabled Senior Citizen from brutal assaults/ battery, and strong arm robbery while incarcerated by denying him the protection required and the insufficiency of proper medical treatments required to treat his injury and sickness sustained all the while the defendants are in contempt of court by their lack of action that has subject [sic] Mr. Ellenburg to cruel and unusual punishment in

---

[3]  This subsection of the statute states:
In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

violation of the Eighth Amendment.

Pet. at 5-6 ¶ 19, 20.[4]

Ellenburg concludes:

This Court has a duty to protect prisoners from unlawful and onerous treatment of a nature that in itself adds punitive measures to those legally meted out by a court.  It is self evident in the necessity and duress to [sic] the mitigating conditions of Mr. Ellenburg's confinement that there exists a callous culpable mental state on the part of the defendants who deny emergency medical needs and protections.  These violated the Eighth Amendment prohibiting cruel and unusual punishment.

Id. at 8 ¶¶ 23-24 (internal citation omitted).

The allegations of Ellenburg's Amended Petition are substantially the same.

He has also filed a motion for declaratory judgment that alleges interference with his

correspondence.

**III. Analysis**

Ninth Circuit law holds that "habeas jurisdiction is absent, and a § 1983 action

proper, where a successful challenge to a prison condition will not necessarily shorten

the prisoner's sentence," Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), or

where there is no "potential relationship between his claim and the duration of his

---

[4] Ellenburg is not in custody pursuant to an order of this Court, nor has this Court ordered any state or local official to take or refrain from action with respect to Ellenburg.  No one named in an action by Ellenburg is in contempt of this Court.

confinement," <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004).

The allegations in the instant petition pose no possibility of release.  18 U.S.C. § 3626(a)(3)(E)(i).  The petition should be dismissed for lack of an appropriate jurisdictional basis.

## IV. Amendment to Cure Jurisdictional Defect

Appropriate jurisdictional bases for Ellenburg's allegations exist.  <u>E.g.</u>, 42 U.S.C. § 1983.  A pro se litigant should be given an opportunity to amend his pleading to cure technical pleading defects.  <u>James v. Pliler</u>, 269 F.3d 1124, 1126 (9th Cir. 2001) (following <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992), and <u>Noll v. Carlson</u>, 809 F.2d 1446 (9th Cir. 1987)).  Here, however, amendment would only permit Ellenburg to circumvent the law.

A court may take judicial notice of its own records.  <u>E.g.</u>, <u>Rand v. Rowland</u>, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

This case is the third in which Ellenburg has presented the same allegations. The first was <u>Law</u>, No. CV 09-13-GF, filed under 42 U.S.C. § 1983.  To date, that action remains pending.

The second was <u>Ellenburg v. Mahoney</u>, No. CV 09-106-M-DWM-JCL (D. Mont. filed July 24, 2009), also filed under 42 U.S.C. § 1983.  In that case,

Ellenburg's motion to proceed in forma pauperis was denied under the three-strikes provision of 28 U.S.C. § 1915(g). Ellenburg did not pay the filing fee. The action was dismissed and judgment was entered on September 21, 2009.

The Prison Litigation Reform Act of 1995 ("PLRA") implemented the three strikes provision. Pub. L. No. 104-134, tit. VIII § 804, 110 Stat. 1321-74 (Apr. 26, 1996).[5] The Act does not apply to petitions for writ of habeas corpus. Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997) (per curiam). Habeas petitioners proceed under § 1915 as it existed prior to enactment of the PLRA. Hence, despite his subjection to the three-strikes bar, Ellenburg may proceed in forma pauperis with this action.

Ellenburg could amend his pleading in this case to cure the jurisdictional defect by deleting reference to 28 U.S.C. §§ 2241 or 2254 to rely instead on 42 U.S.C. § 1983. But that would make his habeas petition a Trojan horse for smuggling his allegations into a civil action without paying the $350.00 gate fee. He, and very soon every prisoner, would elude the consequences of multiple meritless filings. The action should be dismissed.

## V. Certificate of Appealability

This action is squarely controlled by Ramirez, 28 U.S.C. § 1915(g), and common sense. A certificate of appealability is not warranted.

––––––––––––––––––––

[5] The Act has been renumbered, but it is easier to refer to the original version.

## VI. Motion for Declaratory Judgment

Ellenburg did not sign his motion, but there is no need to permit him an opportunity to do so.  The motion, like the petition, is merely an attempt to avoid the three-strikes limitation of the PLRA.  It should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

Forma pauperis status is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Ellenburg must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this action without notice to him.

DATED this 23rd day of November, 2009.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge