

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | CV 09-114-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Michael Ellenburg filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on November 23, 2009. Judge Lynch recommended dismissing the petition. Ellenburg timely objected on December 3, 2009. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed

for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be restated here.

Ellenburg asserts that he was injured while in prison and officials have failed to protect him, and he asserts that prison officials have denied him access to medical care. These are the same allegations he has raised in other actions brought under 42 U.S.C. § 1983. Judge Lynch found that Ellenburg's habeas petition should be dismissed because the actions challenges prison conditions, and success on his claims would not shorten his sentence. Therefore, the petition lacks an appropriate jurisdictional basis as a habeas action. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Judge Lynch also found that Ellenburg should not be permitted to amend his petition to allege a § 1983 claim to cure the jurisdictional defect because Ellenburg is already barred from raising these allegations by the three strikes provision of the Prison Litigation Reform Act of 1995 (PLRA).

Ellenburg objects to Judge Lynch's findings, arguing that the Court should not dismiss the petition, but should allow him to proceed with his claims. Ellenburg does not dispute the holding of Ramirez, and he even concedes that he

is barred by the PLRA from pursuing these claims under § 1983. Obj. at 2. In part, Ellenburg's objections restate, almost verbatim, the allegations of mistreatment by Defendant that he alleges in his petition. See e.g. Obj. at 1-2; Pet. at 8. However, as Judge Lynch found, even if these allegations were true, they do not provide a basis for jurisdiction under 28 U.S.C. § 2254. Ramirez, 334 F.3d at 859.

Ellenburg cites various statutory provisions that presumably he believes provide a basis for this Court to review his claims. E.g. 28 U.S.C. § 636(e) (establishing contempt authority for United States magistrate judges); Fed. R. Civ. P. 60(b) (setting forth grounds for relief from a final judgment, order or proceeding); Fed. R. Civ. P. 44(a) (regarding proof of official records); Fed. R. Evid. 901, 902 (regarding authentication of documents). None of these provisions undermines Judge Lynch's conclusion that, without an appropriate jurisdictional basis, the Court cannot address Ellenburg's claims. Similarly, Ellenburg argues that he may bring an independent action for relief to prevent a grave miscarriage of justice. See U.S. v. Beggerly, 524 U.S. 38, 46 (1998). Beggerly is inapplicable here because it involved a case where a party moved to set aside judgment in a previous action for which there was proper federal jurisdiction. Here, in contrast, Ellenburg is not seeking to set aside a judgment from a previous, properly

instituted action. There is no miscarriage of justice in dismissing this case because Ellenburg has exercised multiple opportunities to present his claims, which has resulted in the bar on further actions regarding these claims under the PLRA. Judge Lynch correctly recommended dismissing this action because there is no jurisdictional basis for Ellenburg's habeas claim.

Ellenburg also filed an unsigned motion for declaratory relief. Judge Lynch found this motion should be denied because it also attempts to circumvent the three strikes provision. After Judge Lynch issued his Findings and Recommendation, Ellenburg filed a second motion for declaratory relief identical to the first, except that it is signed. I agree with Judge Lynch that the motions for declaratory judgment, which restate his allegations and also allege interference with his correspondence, have no merit and attempt to avoid the restrictions of the PLRA. The motions are denied.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #5) are adopted in full. The Petition and Amended Petition (dkt #1, 3) are DISMISSED.

IT IS FURTHER ORDERED that the Motions for Declaratory Relief (dkt

#4, 7) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk is directed to enter a judgment of dismissal.

DATED this 5 day of January, 2010.

Donald W. Molloy, District Judge
United States District Court